IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Toni Kay Taylor, | ) | |
| | ) | Civil Action No. 5:17-1143-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, | ) | |
| Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Toni Kay Taylor ("Taylor"), brought this action pursuant to the Social Security Act ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner"), denying her claim for Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the Magistrate Judge's Report and Recommendation ("Report"), recommending the court to affirm the Commissioner's decision. (ECF No. 28).[1] Taylor has filed objections to the Report (ECF No. 30), and the Commissioner has responded to those objections (ECF No. 33). Accordingly, this matter is now ripe for review.

**I. Background**

On March 22, 2013, Taylor applied for SSI, alleging a disability onset date of August 29, 2012, due to degenerative joint disease in knee, degenerative disease in back, depression, and

---

[1] A magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

anxiety. (ECF Nos. 10-6 at 2; 10-7 at 26). On October 8, 2015, an Administrative Law Judge ("ALJ") held a hearing and heard testimony from Taylor and a vocational expert ("VE"). (ECF No. 10-2 at 29-80).

On November 27, 2015, the ALJ denied Taylor's claim for SSI. (ECF No. 10-2 at 10-25). In his decision, the ALJ found that Taylor suffered from the following severe impairments: "lumbar degenerative disc disease, status post (s/p) L5-S1 anterior lumbar interbody fusion with instrumentation, s/p posterior spinal fusion with instrumentation, degenerative joint disease of the bilateral knees, s/p multiple arthroscopic procedures, and morbid obesity (20 CFR 416.920(c))." (ECF No. 10-2 at 15). The ALJ then concluded that, despite limitations, Taylor could perform jobs that exist in significant numbers in the national economy. (ECF No. 10-2 at 23). Taylor sought review of her case by the Appeals Council. (ECF No. 10-2 at 6). However, the Appeals Council denied Taylor's request for review, making the ALJ's decision the final decision of the Commissioner. (ECF No. 10-2 at 2). This action followed.

## II. Standard of Review

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. Discussion

In her objections, Taylor contends the Magistrate Judge erred in recommending affirming the ALJ's decision on two grounds. (ECF No. 30). First, Taylor contends that the ALJ failed to properly consider all her impairments in combination. Specifically, Taylor argues that the ALJ failed to properly consider her carpal tunnel syndrome and her sacroiliac joint arthropathy. (ECF No. 30 at 1-4). Second, Taylor argues that the ALJ failed to properly assess her credibility. *Id.* at 4-7. Specifically, Taylor argues that the ALJ erred in finding that the objective evidence does not support her subjective reports because she required seven knee arthroscopies and two lumbar surgeries. *Id.* at 4. Also, Taylor argues the ALJ failed to explain how he found her activities of daily living were only mildly limited. *Id.*[2]

### A. Combination of Impairments

In her Report, the magistrate judge first addresses Taylor's argument that the ALJ did not consider her carpal tunnel syndrome to be a severe impairment. (Report at 15). In her objections,

---

[2]Subsequent to the ALJ's decision in this case, the SSA superseded SSR 96-7p with SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016). *See also* 2016 WL 1237954 (correcting the effective date of SSR 16-3p to read March 28, 2016). SSR 16-3p eliminates use of the term "credibility," and clarifies that subjective symptom evaluation is not an examination of an individual's character. Because the ALJ decided this case prior to March 28, 2016, the court analyzes the ALJ's decision based on the provisions of SSR 96-7p, which required assessment of the claimant's credibility. *See Best v. Berryhill*, No. 0:15-cv-02990-DCN, 2017 WL 835350, at *4 n.3 (Mar. 3, 2017) (applying SSR 96-7p under the same circumstances).

Taylor contends that the ALJ did not properly consider her left-handed carpal tunnel syndrome, which was not treated with surgery, when she is left-handed and the ALJ limited her to sedentary work requiring bilateral manual dexterity. (ECF No. 30 at 2).

**I. Carpal Tunnel Syndrome**

As the magistrate judge stated (Report at 17), whether the ALJ found the carpal tunnel syndrome to be severe cannot be the basis for a remand. An ALJ's failure to designate a claimant's condition as severe at step two of the disability determination process, even if erroneous, does not always warrant remand. Step two is a threshold determination of whether a claimant has a severe impairment, or combination of impairments, that meets the twelve-month duration requirement and significantly limits their ability to do basic work activities. *See* 20 C.F.R. §§ 404.1520-404.1523. If the ALJ finds no severe impairments, the claimant is not disabled and the analysis does not proceed further. *See* 20 C.F.R. § 404.1520. However, if a claimant does have a severe impairment, or combination of impairments, the ALJ must consider the effects of both the severe and non-severe impairments at the subsequent steps of the process. *See* 20 C.F.R. § 404.1523; Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *5 (1996); SSR 86-8, 1986 WL 68636, at *5 (1986). Therefore, if the ALJ proceeds to discuss and consider the non-severe impairment at subsequent steps, there is no prejudice to the claimant. *See Thomas v. Comm'r*, No. SAG-11-3587, 2013 WL 210626, at *2 (D. Md. Jan. 17, 2013) (finding harmless error where ALJ continued with sequential evaluation process and considered both severe and non-severe impairments).

Moreover, as the magistrate judge noted, Taylor has not provided any evidence of any work-related limitations due to the carpal tunnel syndrome in her left wrist. As set out by the magistrate judge, the ALJ noted that Taylor had complained of bilateral hand pain in April 2015, and underwent a successful right carpal tunnel release on April 27, 2015. In her Report, the magistrate

4

notes that Taylor did not allege any limitations in her hands at the hearing, and Taylor has not provided any evidence that she is experiencing symptoms that preclude her from sedentary work or that she is still receiving any treatment for her left wrist. (Report at 16). As Taylor contends, the physician performed surgery on Taylor's right wrist with a recommendation to perform the surgery on her left wrist. As surgery was successful on right wrist, the recommended surgery on the left wrist could be successful as well. Morever, under the regulations, a claimant "must follow treatment prescribed by [her] medical source(s) if this treatment is expected to restore [her] ability to work," and the claimant will not be considered disabled if the claimant fails to follow prescribed treatment without a good reason. 20 C.F.R. § 404.1530(a), (b). Because Taylor has not undergone the recommended carpal tunnel release surgery on her left wrist, she cannot contend that her carpal syndrome in her left wrist has rendered her disabled. Moreover, the record does not establish any limitations caused by her left handed carpal tunnel syndrome. Accordingly, the court finds Taylor's objections to be without merit.

### ii. Sacroiliac Joint Arthropathy

Taylor contends that the ALJ failed to properly consider her sacroiliac joint arthropathy as a separate impairment from her lumbar degenerative disc disease and lumbar fusion and that the ALJ improperly assessed her residual functioning capacity (" RFC") because he did not include any sitting restrictions. (ECF No. 30 at 2-4). The magistrate judge determined that the ALJ properly addressed Taylor's sacroiliac joint arthropathy, and he properly assessed Taylor's RFC because there are no opinions in the record regarding specific sitting restrictions. In her objections, Taylor contends that the ALJ erred by not considering "the problems that moderate to severe neuroforaminal stenosis, along with sacroiliac arthropathy and stiffness in her knees, would cause and their effects on her ability to perform the sitting requirements of sedentary work." (ECF No.

5

30 at 3). Taylor contends that the ALJ failed to discuss her testimony that her pain was worse when sitting for long periods, and that she sat she had to prop her legs up and keep her knees straight and get up every five to ten minutes. (ECF No. 30 at 2-3).

In his decision, the ALJ found that Taylor has the RFC to perform sedentary work except that: she can only occasionally push and pull with her bilateral lower extremities; she is limited to standing and walking for an aggregate of two hours in an eight-hour workday; there is no limitation on sitting, and she can sit for at least 6 hours of an eight-hour workday; she can occasionally stoop, balance, kneel, and climb ramps and stairs; she cannot climb ladders, ropes, or scaffolds, crawl or couch; she can have no more than occasional use of her bilateral extremities for foot pedals or other controls; she can have no required exposure to unprotected heights, vibrations, or dangerous machinery; and she is limited to simple and routine tasks due to her chronic pain. (ECF No. 10-2 at 19). While this RFC prevented Taylor from performing her past relevant work, the VE testified that there were sedentary, unskilled production jobs that she could perform with these limitations, including production graders, sorters, and inspectors. (ECF No. 10-2 at 76). Counsel then asked the VE regarding a sit/stand option:

> Q: Mr. Leonard, the jobs that you have identified, the assembler and the production grader, right, would those allow for a sit/stand option?
>
> A: It's possible, yes.
>
> Q: Would that reduce the numbers that you provided?
>
> A: Yes, it would, generally speaking, yes.
>
> Q: How much of a reduction would there be?
>
> A: It depends on what the sit/stand variation is.
>
> Q: So, if her testimony was that she could - - she needed to - - let me look at my notes here.

> A: No sweat.
>
> Q: She could sit for an hour and stand for ten minutes, would that have any impact on those jobs?
>
> A: What occurs during the ten minutes?
>
> Q: She'd be standing. She'd need to stand.
>
> A: At the workstation?
>
> Q: Yes.
>
> A: If she sustained work activity for an hour and then just needed to stand for ten minutes at the workstation, I don't think that's going to change. That's not going to alter the numbers provided. In that response, I'm assuming she returns back to sitting with respect to continuing her job tasks?
>
> Q: I have no other questions.

(ECF No. 10-2 at 77-78). The addition of a sit/stand option did not change the VE's testimony that there were jobs that such a claimant could perform. Moreover, as the magistrate judge stated, the state agency reviewer concluded Taylor could perform light work and could sit for about six hours in an eight-hour day with normal breaks (ECF No. 10-4 at 33). (Report at 21). In giving this opinion some weight, the ALJ further limited Taylor to sedentary rather than light work. (ECF No. 10-2 at 22). Reviewing the record, the court finds that the ALJ's RFC assessment is supported by substantial evidence.

### B. Credibility

Taylor contends that the ALJ failed to properly consider her credibility. Specifically, she argues that the ALJ's reasoning is not consistent with the physicians' determinations that the same objective evidence showed that Taylor required seven knee arthroscopies and two lumbar surgeries, and the ALJ did not explain why he found Taylor's activities of daily living were only mildly limited. (ECF No. 30 at 4).

As noted by the magistrate judge in her Report, the ALJ set out the proper two-step process for evaluating subjective complaints and noted that he had considered all the evidence (ECF No. 10-2 at 19 ). (Report at 13). The ALJ judge concluded that Taylor's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible. (ECF No. 10-2 at 20, 22). The ALJ noted that the record shows that Taylor was regularly assessed with normal range of motions and strength in her back and knees, and Taylor only had a mild limitation in her activities of daily living. (ECF No. 10-2 at 22). The magistrate judge concluded that she could discern no reversible error in the ALJ's evaluation. (Report at 13). Taylor contends that the ALJ erred in concluding that she had improvement after her second lumbar fusion, which would undermine her credibility, and she argues that the ALJ did not point to any medical evidence that documents improvement after her second fusion surgery.

As noted by the ALJ and magistrate judge, under 20 C.F.R. § 404.1529(b), "the determination of whether a person is disabled by pain or other symptoms is a two-step process." *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996). The threshold requirement is that there be "a showing by objective [medical] evidence of the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant." *Id.* (internal quotation marks omitted). Once the ALJ concludes that this threshold requirement has been met, the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work." *Id.* at 595 (citing 20 C.F.R. §§ 416.929(c)(1) & 404.1529(c)(1))). "[T]his evaluation must take into account not only the claimant's statements about her pain, but also 'all the available evidence,' including the claimant's medical history, medical signs, and laboratory findings; any objective medical evidence of pain . . . ; and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily

activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." *Id.* (internal citation omitted).

Here, as set out by the magistrate judge in her Report (Report at 24-25), the ALJ discussed the medical evidence and opinions, considered Taylor's subjective complaints, and the additional factors set forth ion SSR 96-7p, and concluded that Taylor's limitations did not rise to the level she alleged. Reviewing the record, the court agrees with the magistrate judge and finds that substantial evidence supports the ALJ's assessment of Taylor's credibility.

### IV. Conclusion

Having conducted the required de novo review of the issues to which Taylor has objected, the court finds no basis for disturbing the Report. The court concurs with both the reasoning and the result reached by the magistrate judge in her Report and finds the ALJ's decision is supported by substantial evidence. Therefore, the court adopts the Report (ECF No. 28), and the Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

July 9, 2018
Anderson, South Carolina